Approved: _____
Matthew Weinberg
Assistant United States Attorney

Before: THE HONORABLE BARBARA MOSES
United States Magistrate Judge
Southern District of New York

**23 MAG 2798**

---

| UNITED STATES OF AMERICA | **COMPLAINT** |
|---|---|
| v. | Violations of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2 |
| MATEO CABRERA, | COUNTY OF OFFENSE: |
| Defendant. | BRONX |

SOUTHERN DISTRICT OF NEW YORK, ss.:

      Matthew R. Barton, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

### COUNT ONE
### (Felon in Possession)

    1.    On or about April 5, 2023, in the Southern District of New York and elsewhere, MATEO CABRERA, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a SCCY CPX-2 nine millimeter pistol, and the firearm was in and affecting commerce.

    (Title 18, United States Code, Sections 922(g)(1) 924(a)(8) and 2.)

    The bases for my knowledge of the foregoing charge are, in part, as follows:

    2.    I am a Special Agent with HSI and have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    3.    Based on my participation in this investigation, including my review of law enforcement records and other documents, my personal observations, and my conversations with other law enforcement officers, I have learned the following:

    a. On or about April 4, 2023, law enforcement agents were advised by FedEx personnel that a specific FedEx Priority Overnight parcel (the "Package") addressed to an individual ("Individual-1") at a particular apartment unit (the "Apartment") on Sherman Avenue in the Bronx had been searched by a FedEx employee based on suspicion that it contained contraband.  The FedEx employee reported to law enforcement that, upon inspection, the Package contained a clear plastic jug with an unknown, crystallized substance visible inside it.

    b. On or about April 5, 2023, law enforcement agents went to a FedEx facility in the Bronx where the Package was being held.  Law enforcement agents extracted a portion of the substance located inside the package and field-tested it.  The substance field tested positive for the presence of methamphetamine.  Law enforcement agents weighed the plastic jug with the crystallized substance inside it, which weighed approximately 1.495 kilograms.  Law enforcement agents thereafter removed the presumed narcotics from the Package and replaced it with non-contraband items.  Law enforcement agents then re-sealed the Package.

    c. On or about April 5, 2023, at approximately 11:50 a.m., an undercover law enforcement officer ("Officer-1") went to the Apartment with the re-sealed Package (which no longer contained narcotics).  Officer-1 knocked on the door of the Apartment and indicated that he had a package delivery.  An individual ("Individual-2") opened the door of the Apartment.  Officer-1 stated, in sum and substance, that he had a package for Individual-1.  Individual-2 accepted receipt of the Package.

    d. Law enforcement officers accompanying Officer-1 thereafter announced themselves and entered the Apartment.  Once inside the Apartment, law enforcement agents identified CABRERA inside of the Apartment.  CABRERA explained that he lived in the Apartment and provided law enforcement agents with written consent to search the Apartment.  CABRERA also informed law enforcement agents that he had a firearm inside of his bedroom, and specifically located in a drawer of his nightstand.

    e. Law enforcement agents opened the drawer of the nightstand in the bedroom that CABRERA claimed to be his bedroom and identified a SCCY CPX-2 nine millimeter pistol (the "Firearm") and accompanying ammunition.  Below is a photograph of the Firearm and accompanying ammunition located in the nightstand.



4.  After identifying the Firearm and conducting a search of the Apartment, law enforcement personnel read MATEO CABRERA, the defendant, his *Miranda* rights, which he waived in writing. CABRERA then stated, in sum and substance, that he had bought the Firearm from a friend after CABRERA completed a term of parole in or about 2021.

5.  Based on my review of criminal history records, I have learned the following about prior felony convictions of MATEO CABRERA, the defendant:

   a.  On or about September 20, 2016, CABRERA was convicted in Rockland County Court of criminal possession of a controlled substance with the intent to sell in the fifth degree, in violation of New York Penal Law 220.06, which is a Class D felony offense. CABRERA was sentenced principally to a term of thirty months' imprisonment.

   b.  On or about November 13, 2007, CABRERA was convicted in Queens County Supreme Court of several crimes following a jury trial, including, among others, robbery in the second degree, in violation of New York Penal Law 160.10, which is a Class C felony offense, and reckless endangerment in the first degree, which is a Class D felony offense. CABRERA was sentenced principally to a term of six years' imprisonment.

   c.  On or about May 12, 1999, CABRERA was convicted in the Southern District of New York of conspiracy to distribute and possess with intent to distribute a controlled substance, specifically heroin, in violation of Title 21, United States Code, Section 841(a)(1). CABRERA was sentenced principally to 60 months' imprisonment.

   d.  On or about September 15, 1998, CABRERA was convicted in New York County Supreme Court of aggravated unlicensed operation of a motor vehicle, in violation of New York Vehicle and Traffic Law 0511, which is a Class E felony offense. CABRERA was sentenced principally to five years' probation.

6.  Based on communications with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, I have learned that the Firearm was not manufactured in New York State.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of MATEO CABRERA, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
Matthew R. Barton
Special Agent
Homeland Security Investigations

Sworn to before me
this 6 day of April, 2023.

_____
THE HONORABLE BARBARA MOSES
United States Magistrate Judge
Southern District of New York